IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RECEIVED & FILED

1999 SEP 20  AM 7: 18

CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R

| | | |
|---|---|---|
| BAYER AG, et al., | ' | |
| Plaintiffs | ' | CIVIL NO. 98-1282 (RLA) |
| | ' | CIVIL NO. 98-1340 (RLA) |
| v. | ' | CIVIL NO. 98-1494 (RLA) |
| | ' | CIVIL NO. 98-1768 (RLA) |
| BIOVAIL LABORATORIES, INC., et al., | ' | |
| Defendants. | ' | |

## PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION

WHEREAS BIOVAIL LABORATORIES, INC. and BIOVAIL CORPORATION INTERNATIONAL, BAYER AG, BAYER CORPORATION and PFIZER INC., the parties to this action (collectively the "parties" and individually a "party"), and likely non-party witnesses possess confidential information which may be disclosed in responding to discovery requests or otherwise in this action and which must be protected in order to preserve the legitimate business interests of the parties, and

WHEREAS the parties have, through counsel, moved for the entry of a Protective Order to prevent unnecessary dissemination or disclosure of such confidential information,

IT IS HEREBY ORDERED that:

1.  Definitions

    A.  The term "Confidential Information" as used in this Order includes all information that the designating party believes



AO 72
(Rev 8/82)



CIVIL NO. 98-1282 (RLA)                                    **Page 2**
CIVIL NO. 98-1340 (RLA)
CIVIL NO. 98-1494 (RLA)
CIVIL NO. 98-1768 (RLA)

---

constitutes or discloses or relates to processes, operations, research, technical or developmental information, production, marketing, sales, shipments or other proprietary data or information of commercial value, including but not limited to trade secrets. It may include without limitation documents produced in these consolidated actions during formal discovery or otherwise; information produced by non-parties which the producing or designating party is under an obligation to maintain in confidence; answers to interrogatories and responses to requests for admission or other discovery requests; deposition, hearing or trial transcripts; affidavits, experts' reports, memoranda of law; and tangible things or objects that are designated confidential pursuant to this Order. The information contained therein and all copies, abstracts, excerpts, analyses, notes or other writings that contain, reflect, reveal, suggest or otherwise disclose such confidential information shall also be deemed "Confidential Information". Information originally designated as confidential pursuant to this agreement ("Confidential Information") shall not retain that status after any ruling by any Court denying such status to it.

B. The term "designating "party means the party producing or designating documents or information as Confidential Information under this Order.

CIVIL NO. 98-1282 (RLA)                                                **Page 3**
CIVIL NO. 98-1340 (RLA)
CIVIL NO. 98-1494 (RLA)
CIVIL NO. 98-1768 (RLA)

C.   The term "receiving party" shall mean the party to whom Confidential Information is produced.

### Designation of Confidential Information

2.   Each designating party who produces or discloses any material that it believes comprises Confidential Information shall designate the same.  In so designating Confidential Information the designating party shall mark any document containing the information "CONFIDENTIAL", "CONFIDENTIAL-ATTORNEYS'-EYES-ONLY" or, subject to the limitations of Paragraph **6** hereof, "CONFIDENTIAL-ATTORNEYS'-EYES-ONLY-OUTSIDE COUNSEL".  When documents or things are produced for inspection, the documents or things may be collectively designated as "Confidential", "Confidential-Attorneys'-Eyes-Only" or "Confidential-Attorneys'-Eyes-Only-Outside Counsel", for purposes of the inspection, by letter or otherwise, without marking each document or thing "Confidential", "Confidential-Attorneys'-Eyes-Only" or "Confidential-Attorneys'-Eyes-Only-Outside Counsel", and such documents or things will be treated as Confidential Information under this Order.

3.   If any Confidential Information is produced by a non-party to this litigation, such a non-party shall be considered a "designating party" within the meaning of that term as it is used in the context of this Order and the parties shall be treated as

CIVIL NO. 98-1282 (RLA)                                      **Page 4**
CIVIL NO. 98-1340 (RLA)
CIVIL NO. 98-1494 (RLA)
CIVIL NO. 98-1768 (RLA)

receiving parties. Confidential Information that originated with a non-party and which is subject to a confidentiality obligation may be designated as "Confidential", "Confidential-Attorneys'-Eyes-Only" or, subject to the limitations of Paragraph **6** hereof, "Confidential-Attorneys'-Eyes-Only-Outside Counsel", and shall be subject to the restrictions on disclosure specified in Paragraphs **7** and **8**.

4.   In the event any designating party produces Confidential Information that has not been designated confidential or not correctly designated, the designating party may designate or redesignate the information to the same extent as it may have designated the information before production, by a subsequent notice in writing specifically identifying the redesignated information, in which event the parties shall henceforth treat such information in accord with this Protective Order, and shall undertake their best efforts to correct any disclosure of such information contrary to the redesignation.   No demonstration or proof of error, inadvertence, or excusable neglect by the designating party shall be required for such redesignation.

5.   The parties may use the designation "Confidential-Attorneys'-Eyes-Only" when, in the reasonable judgment of the designating party, the information is Confidential Information, and is too sensitive, valuable, easily misused or difficult to protect

CIVIL NO. 98-1282 (RLA)                                        **Page 5**
CIVIL NO. 98-1340 (RLA)
CIVIL NO. 98-1494 (RLA)
CIVIL NO. 98-1768 (RLA)

from misuse to allow a wider circulation. Confidential-Attorneys'-Eyes-Only information is to be treated in addition with all the protection applicable to Confidential Information provided in this Order.

6.     The parties may use the designation "Confidential-Attorneys'-Eyes-Only-Outside Counsel" only for documents or objects or tangible things containing highly sensitive information, including technical information and sensitive financial information that are trade secrets that are not revealed to competitors, including sales data, pricing, proprietary technical information concerning product formulations or methods of producing products, which that party does not reveal to competitors. "Confidential-Attorneys'-Eyes-Only-Outside Counsel" information is to be treated in addition with all the protection applicable to Confidential Information and Confidential-Attorneys'-Eyes-Only provided in this Order.

### Disclosure of the Confidential Information

7.     Information designated "Confidential" may be used for purposes of this lawsuit only, and disclosed only to the following persons:

A.     The attorneys and staff of any law firm acting as outside litigation counsel for a party to this action, and copying

CIVIL NO. 98-1282 (RLA)                                         **Page 6**
CIVIL NO. 98-1340 (RLA)
CIVIL NO. 98-1494 (RLA)
1   CIVIL NO. 98-1768 (RLA)

2   _____

3   services, data entry and computer support services retained by

4   outside counsel.

5            B.  Independent consultants or experts and their staff not

6   employed or retained by or affiliated with a party or with a party's

7   licensee or licensor, who have been retained by the attorneys for

8   the parties in this action, either as consultants or expert

9   witnesses for the purposes of this litigation, provided such persons

10  have complied with the procedures of Paragraph **11** hereof.

11           C.  Three (3) attorneys and their clerical staffs employed

12  by a party in this action; provided that the receiving party

13  identifies each attorney by name by written notice to the

14  designating party in advance of any disclosure of Confidential

15  Information.

16           D.  Three (3) persons employed by a party in this action,

17  who may, but need not be attorneys employed by the party; provided

18  that the receiving party identifies each employee by name by written

19  notice to the designating party in advance of any disclosure of

20  Confidential Information.

21           E.  The Court, its staff and personnel, and Official Court

22  reporters to the extent that Confidential Information is disclosed

23  at a deposition or court session which they are transcribing.

24

25

26

CIVIL NO. 98-1282 (RLA)                                          **Page 7**
CIVIL NO. 98-1340 (RLA)
CIVIL NO. 98-1494 (RLA)
CIVIL NO. 98-1768 (RLA)

---

F.   Translators not employed by, or affiliated with a party in this action, or a party's licensee or licensor and not employed by, or affiliated with any business entity engaged in the pharmaceutical business, who are retained by the attorneys for the parties for the purposes of this litigation, provided that prior to being given access to any Confidential Information, each such translator reviews and executes a Declaration of Compliance in the form annexed as EXHIBIT I.

G.   The list of persons to whom Confidential Information may be disclosed, identified in this Paragraph **7**, may be expanded or modified by mutual agreement in writing by counsel for the designating party and the receiving party or parties without necessity or modifying this Order.

H.   As used in this paragraph, the term "attorney" includes persons licensed to practice law generally, including persons licensed to practice in any state in the United States, Barristers or Solicitors licensed to practice in Canada, patent attorneys, patent agents or the German or Canadian equivalents thereof.

8.   <u>Disclosure of Information to Attorneys</u>.

A.   Information designated as "Confidential-Attorneys'-Eyes-Only" shall be disclosed only to the persons described in

CIVIL NO. 98-1282 (RLA)                                    **Page 8**
CIVIL NO. 98-1340 (RLA)
CIVIL NO. 98-1494 (RLA)
CIVIL NO. 98-1768 (RLA)

Paragraphs **7(A)**, **(B)**, **(C)**, **(E)**, **(F)**, and as agreed in accordance with Paragraph **7(G)**.

B.    Information designated as "Confidential-Attorneys'-Eyes-Only-Outside Counsel" shall be disclosed only to (i) attorneys and staff acting as outside litigation counsel who have entered an appearance in this case, (ii) independent experts, (iii) the Court, and (iv) independent translators.

**Use and Control of the Confidential Information**

9.    All Confidential Information disclosed pursuant to this Order shall be used by a recipient thereof solely for the purposes of this litigation, and not for any business or competitive purposes, and not for any other civil actions or other proceedings of any type.  It shall be the duty of each party and each individual having notice of this Protective Order to comply with this Order from the time of such notice.

10. All depositions, regardless of whether a designation of confidentiality was made on the record or otherwise, shall automatically be treated as having been designated "Confidential-Attorneys'-Eyes-Only-Outside-Counsel" and subject to this Protective Order, unless and until the receiving party makes a request to the party producing the witness or counsel for the witness to release the deposition from "Confidential-Attorneys'-Eyes-Only-Outside-

CIVIL NO. 98-1282 (RLA)                                    **Page 9**
CIVIL NO. 98-1340 (RLA)
CIVIL NO. 98-1494 (RLA)
CIVIL NO. 98-1768 (RLA)

_____

Counsel" treatment, and only if, and to the extent, the party

producing the witness or counsel for the witness agrees in writing

to the modification of treatment of all or part of the transcript,

or unless the Court so orders.  An entire deposition transcript

shall be deemed a single document for purposes of applying the

provisions of Paragraph **8** hereof.  All Court proceedings during

which Confidential Information is likely to be revealed shall be

held *in camera*, as to the portion of the hearing, unless the Court

orders otherwise.

11.  All Confidential Information that is filed with the Court,

and any pleadings, motions, memoranda of law, affidavits, expert

reports or other papers filed with the Court disclosing any

Confidential Information, shall be filed <u>under</u> <u>seal</u> and kept <u>under</u>

<u>seal</u> until further order of the Court.  Where practicable, only

confidential portions of filing with the Court shall be filed <u>under</u>

<u>seal</u>.

12.  <u>Declaration of Compliance</u>.

A.  No person designated in accordance with Paragraphs

**7(B)**, **(C)**, and **(D)** or Paragraph **8(A)** hereof shall have access to

Confidential Information without first signing a Declaration of

Compliance with the Protective Order in the form annexed as EXHIBIT

AO 72
(Rev 8/82)

CIVIL NO. 98-1282 (RLA)                                     **Page 10**
CIVIL NO. 98-1340 (RLA)
CIVIL NO. 98-1494 (RLA)
CIVIL NO. 98-1768 (RLA)

---

I hereto.  A file of all such original declarations shall be maintained by counsel for the party obtaining them.

B.  Before any persons may be given access to Confidential Information under Paragraphs **7(B)**, **(C)** and Paragraph **8(A)**, the party seeking to provide such access must give a copy of the Declaration referred to in Paragraph **12(A)** and written notice (via facsimile) to the attorneys for the designating party of the intention to make such disclosure.  In the case of disclosure pursuant to Paragraph **7(B)**, the notice shall state the name and address of the person to whom disclosure is proposed and include a resume of the background, qualifications and employment or affiliations of such person.  In the case of a disclosure pursuant to Paragraphs **7(C)** and **7(D)** and Paragraph **8(A)**, the notice shall state the employee's position and a description of his or her duties.

C.  For proposed disclosures pursuant to Paragraph **7(B)** only, the designating party, within ten (10) days from receiving service of such written notice, may object to such disclosure by service (via facsimile) of a written notice of objection on the attorneys for the party seeking to make the disclosure, stating the reasons for objection.  No disclosure of Confidential Information may occur prior to the expiration of ten (10) days from the date of service of the written notice of intent to disclose unless consent

CIVIL NO. 98-1282 (RLA)                                                    Page 11
CIVIL NO. 98-1340 (RLA)
CIVIL NO. 98-1494 (RLA)
CIVIL NO. 98-1768 (RLA)

is granted earlier by the designating party, which consent shall not
be unreasonably withheld.  If the designating party objects to the
disclosure and gives written notice thereof, the designating party
will have ten (10) business days from the date of service of its
objection in which to seek relief from the Court.  If the ten (10)
business days elapse without the designating party seeking relief
from the Court, the proposed disclosure pursuant to Paragraph **7(B)**
shall be made in accordance with the terms of this Protective Order.

13.  Nothing herein shall prevent any party from disclosing its
own Confidential Information in any manner that it considers
appropriate, nor shall counsel for either party be precluded from
showing or using Confidential Information obtained from the opposing
party during examination, at deposition or trial, of any officer,
employee or retained expert of the party who designated the
information confidential.

### Duration of Order, Objections, Modifications

14.  This Protective Order shall remain in force and effect
indefinitely until modified, superseded or terminated by Order of
this Curt, which may be entered pursuant to agreement of the parties
hereto.  This Order shall continue in effect after termination of
these consolidated actions and continue to be binding upon all
persons to whom Confidential Information is disclosed hereunder.

CIVIL NO. 98-1282 (RLA)                                        **Page 12**
CIVIL NO. 98-1340 (RLA)
CIVIL NO. 98-1494 (RLA)
CIVIL NO. 98-1768 (RLA)

15.   Upon final termination of this action (including all appeals) the receiving party shall, within thirty (30) days of such termination, either return to the designating party or destroy all Confidential Information in its possession.  In either event, the receiving party shall specifically describe the material returned or destroyed and certify their return or destruction, with the exception that outside counsel may retain one copy of the pleadings or other papers filed with the Court or served in the course of the litigation, deposition transcripts, deposition exhibits and the trial record.

16.   If the receiving party learns that Confidential Information produced to it is disclosed to or comes into the possession of any person other than in the manner authorized by this Order, the receiving party responsible for the disclosure must immediately inform the designating party of all pertinent facts relating to such disclosure and shall make every effort to prevent disclosure by each unauthorized person who received such information.

17.   Any receiving party may at any time request that the designating party cancel the "Confidential", "Confidential-Attorneys'-Eyes-Only" or "Confidential-Attorneys'-Eyes-Only-Outside Counsel" designation with respect to any document, object or item of

information.   Such request shall be served on counsel for the designating party (via facsimile), and shall particularly identify the designated Confidential Information that the receiving party contends is not confidential and the reasons supporting its contention.   If, within ten (10) days from receipt of the request, the designating party does not agree to remove the "Confidential", "Confidential-Attorneys'-Eyes-Only" or  "Confidential-Attorneys'-Eyes-Only-Outside Counsel" designation, then the party contending that such documents or information are not confidential may file a motion to remove such information from the restrictions of this Order.   On motion to be relieved from the restrictions of this Order,  the  burden  of  demonstrating  that  the  information  is confidential shall be on the designating party.

### No Waiver of Privileges

18.   Production of documents and things shall not constitute a waiver of confidentiality, privilege or work product as to such documents  or  any  information  contained  therein  so  long  as  the privilege or immunity from discovery is asserted by the designating party in writing no later than thirty (30) days from the date on which such documents shall have been produced to the receiving party.   No demonstration or proof of error, inadvertence, or excusable neglect shall be required of the designating party in

CIVIL NO. 98-1282 (RLA)                                        **Page 14**
CIVIL NO. 98-1340 (RLA)
CIVIL NO. 98-1494 (RLA)
CIVIL NO. 98-1768 (RLA)

---

order for such party to avail itself of the provisions of this paragraph.

### Other Remedies

19.   Nothing herein shall prevent any party or non-party from seeking additional or different relief from the Court not specified in this Order.

20.   The section titles in this Order are for the convenience of organization only, and are not part of, nor are they relevant to the construction of this Order.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 17th day of September, 1999.

RAYMOND L. ACOSTA
United States District Judge

**EXHIBIT I**

1          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF PUERTO RICO
2

BAYER AG, et al.,                    '
3                                    '
         Plaintiffs,                 '     CIVIL NO. 98-1282 (RLA)
4                                    '     CIVIL NO. 98-1340 (RLA)
         v.                          '     CIVIL NO. 98-1494 (RLA)
5                                    '     CIVIL NO. 98-1768 (RLA)
                                     '
6    BIOVAIL LABORATORIES, INC.,     '
     et al.,                         '
7                                    '
         Defendants.                 '
8    _____'

9

10                    **DECLARATION OF COMPLIANCE**
        **WITH PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION**

11

12       I, _____ do declare and state as follows:

13

14       1.  I live at _____ and

15   am employed as (state position) _____

16   by (state name and address of employer) _____.

17       2.  I have read the Protective Order Governing Confidential

18   Information entered in these consolidated actions, a copy of which

19   has been provided to me.

20       3.  I understand and agree to comply with and be bound by the

21   terms of the Protective Order, including the provision that upon

22   receipt of any Confidential Information, I will be personally

23   subject to it, and to all of its requirements and procedures.

24

25

26

AO 72
(Rev 8/82)

**DECLARATION OF COMPLIANCE WITH PROTECTIVE ORDER**          **Page 2**

1

2       I hereby declare under penalty of perjury under the laws of the

3  United States of America, pursuant to the provisions of 28 U.S.C.

4  § 1746, that the foregoing is true and correct.

5       Executed this ____ day of _____, _____.

6       At _____.

7

8

9                                    _____
                                           Signature

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

AO 72
(Rev 8/82)